UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 08-179 (EGS) |
| v. | : | |
| | : | |
| CHARLES BAKER | : | Status: July 30, 2008 |
| Defendant. | : | |

**GOVERNMENT'S MOTION TO REQUIRE DEFENDANT
TO SUBMIT TO FINGERPRINTING**

The United States of America, by and through counsel, respectfully moves this Court to require the defendant to submit to fingerprinting. In support of this motion, the government states the following:

Factual Background

1. On May 29, 2008, the defendant was arrested after members of the Metropolitan Police Department executed a search warrant at 2920 Nelson Place, S.E., Washington D.C., Apartment #4.

2. Police recovered the following items, among others, from inside of a bedroom in the apartment: a .40 caliber semi-automatic handgun loaded with ten rounds of ammunition, a black electronic scale, a piece of plastic containing 38.5 grams of white powder substance which tested positive for cocaine, other ziplock bags containing a greenish weed substance, a plate which contained white powder, and over $9,330 in U.S. currency, and mail matter bearing the name Charles Joe Baker.

3. The police had reason to believe that all of these items belonged to the defendant.

4. Several of these items were processed by an MPD crime scene search officer, resulting in the recovery of latent prints from the black electronic scale and the plate. A copy of the crime scene

search officer's report is attached. [Exhibit A].

5. The defendant was fingerprinted upon his arrest; however, an MPD fingerprint specialist indicated to undersigned counsel that she needed better fingertips and palm prints to complete the comparison of the latent prints with the known prints of the defendant.

6. The government is seeking that the defendant be ordered by the Court to submit to fingerprinting so that the Metropolitan Police Department can complete its analysis.

7. It is the government's intention that a fingerprint specialist come to the courtroom on the status date of July 30, 2008, to take new inked impressions without inconveniencing the defendant, counsel or the U.S. marshals.

## Legal Analysis

I.     Compelled Submission to Fingerprinting Is Proper.

Compelled submission to fingerprinting is proper under the law. The Supreme Court has held that the compelled production of identifiable physical characteristics does not violate a defendant's Fifth Amendment privilege against self-incrimination. United States v. Dionisio, 410 U.S. 1, 6-7(1973)(the privilege offers no protection against compulsion to submit to fingerprinting, photographing, or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture); Schmerber v. California, 384 U.S. 757, 764 (1966)("federal and state courts have usually held that [the Fifth Amendment] offers no protection against compulsion to submit to fingerprinting . . ."); Lewis v. United States, 382 F.2d 817, 818 (1967)(handwriting exemplar). The Supreme Court reasoned that the Fifth Amendment privilege protects an accused only from being compelled to testify against himself, or otherwise provide the prosecution with evidence of a testimonial or

communicative nature.  Dionisio, 410 U.S. at 6; Schmerber, 384 U.S. at 761; Lewis, 382 F.2d at 818.  Compulsion, which makes a suspect or accused the source of 'real or physical evidence, does not violate [the Fifth Amendment].'  Dionisio, 410 U.S. at 6; Schmerber, 384 U.S. at 761; Lewis, 382 F.2d at 818;  see also United States v. Hubbell, 167 F.3d 552, 574 (D.C. 1999).

Moreover, the Supreme Court held that compelled submission to fingerprinting does not implicate the Fourth Amendment.  The Fourth Amendment provides no protection for what a person knowingly exposes to the public, even in his home or office.  Dionisio, 410 U.S. at 14 (citing Katz v. United States, 389 U.S. 347, 351 (1967).  Physical characteristics, such as a person's face, voice, fingerprints or handwriting, are constantly exposed to the public; therefore, no reasonable expectation of privacy applies to these attributes.  Id.

## Conclusion

Accordingly, the Government requests that the Court order the defendant to submit to fingerprinting so that a fingerprint comparison can be made prior to trial.

        Respectfully submitted

        JEFFREY A. TAYLOR
        U.S. ATTORNEY


        ____/s/_____
        Eric P. Gallun, #462025
        Assistant U.S. Attorney
        Organized Crime and Narcotics Section
        555 4th Street, N.W.
        Room 4122
        Washington, D.C. 20001
        (202) 514-6997
        Frederic.Gallun@usdoj.gov

**UNITED STATES DISTRICT COURT**

**METROPOLITAN POLICE DEPARTMENT**
**CRIME SCENE EXAMINATION SECTION**
**EVIDENCE REPORT**

| CSES NUMBER: 08-7500 | COMPLAINT NUMBER: 072-887 | TECHNICIAN: Officer Jeffrey Maslona | UNIT: NSID | DATE: 05/29/2008 | MCL: 08-7500 |
|---|---|---|---|---|---|
| COMPLAINANT OR DECEDENT: Officer D. Wooden #4386 | | OFFENSE: Felon in Possession / PWID Cocaine while Armed | | TIME: 1854 hours | |
| LOCATION OF OFFENSE: 2920 Nelson Place Southeast, Washington, D.C | | | | PSA: 605 | |
| TO: Commanding Officer, NSID | | | FROM: Commanding Officer, SID | | |
| ATTENTION: Officer Jeffrey Maslona | | | SECTION: Crime Scene Search Section | | |
| THRU: Narcotics and Special Investigation Division – Gun Recovery Unit | | | UNIT/DIVISION: Forensic Science Division | | |

**Narrative:**

On Thursday, May 29, 2008, Officers from the Narcotics and Special Investigation Division - Gun Recovery Unit executed a search warrant at 2920 Nelson Place, Southeast, Apartment #4, Washington, DC. As a result of this warrant, several items of evidence were recovered by Officer Wooden – seizing officer (4386). It was requested that a CSSO assist at the scene. CSSO/Gun Recovery Officer Jeffrey Maslona assisted on the scene. The following services were rendered:

**The following items were turned over to the undersigned technician to be processed for latent prints:**

*Item 1:* Bersa, mini 40 firestorm, 40 caliber semi-auto pistol with magazine. Serial # 677915. (#3 on seizure list)
*Item 2:* Ten (10) 40 caliber cartridges with head stamp "G.F.L. 40 S.W" from the magazine of item #1.
*Item 3:* Black electronic scale JSN-150. (#7 on seizure list)
*Item 4:* Black electronic scale USN-150. (#2 on seizure list)
*Item 5:* Small CD case electronic scale. (#11 on seizure list)
*Item 6:* Clear cellophane baggie containing ~38.5g of white powder. (#12 on seizure list)
*Item 7:* One plate which contained suspected cocaine. (#8 on seizure list)

**Evidence Recovered:**
*Item 8:* Cotton tip applicator used to swab the handle and trigger of the item #1.

**Latent Prints:**
*Item 9:* Latent Print recovered from item 4.
*Item 10:* Latent print recovered from top of item #7.
*Item 11:* Latent print recovered from bottom of item #7

**Digital Images:**

Digital images captured of the scene and evidence by CSSO Jeffrey Maslona using a Nikon D-40 SLR Camera.
Total number of images: 77

| SIGNATURE OF MEMBER PREPARING REPORT: Officer Jeffrey Maslona - NSID | BADGE NO. 4438 | SIGNATURE OF REVIEWING OFFICAL: | UNIT |
|---|---|---|---|

**FOR ID USE ONLY**

| Latents are of no value  Per_____  Date_____ | Following Latent Prints are of Value: __FINGERS __PALMS __TIPS  Per_____  Date_____ | Forwarded_____By_____  Entered_____By_____  Property Book No._____Page No._____ |
|---|---|---|

P.D. 668A 7/74

| METROPOLITAN POLICE DEPARTMENT WASHINGTON, D.C. CONTINUATION OF EVIDENCE REPORT | OFFENSE: Felon in Possession / PWID Cocaine while Armed | COMPLAINT NUMBER: 072-887 | 08-7500 |
|---|---|---|---|
| | LOCATION: 2920 Nelson Place Southeast, Washington, D.C | CSES NUMBER: 08-7500 | |

**Technician's Notes:**

All latent print attempts were done with black magnetic powder. Items #1, #2 and #6 were turned over to Officer Ritchie after processing to be placed on the Narcotic and Special Investigation Division property Book 1248 page 190. Officer Ritchie performed the narcotic field tests. Items #3, #4, #5 and #7 were turned over to Officer Jones after processing to be placed on the Narcotic and Special Investigation Division property Book 1248 page 190. Item #8 was packaged and placed on the Narcotics and Special Investigation Evidence book 1248 / 191. Items #10 and #11 were placed in a PD307 and forwarded to CSIB. The processing took place in the Gun Recovery Unit Office.

| SIGNATURE OF REPORTING OFFICER: Officer Jeffrey Maslona | ORG ELM NSID | Page 1 of 2 | SIGNATURE OF REVEWING OFFICAL: |
|---|---|---|---|

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **Criminal No. 08-179 (EGS)** |
| v. : | |
| : | |
| **CHARLES BAKER,** : | Status: July 30, 2008 |
| Defendant. : | |

## **ORDER**

After consideration of the Government's Motion to Require the Defendant to Submit to Fingerprinting, any response thereto, and the facts and law in this case, it is this _____ day of July, 2008,

ORDERED, that the Government's Motion to Require the Defendant to Submit to Fingerprinting is hereby GRANTED; it is further,

ORDERED, that Defendant submit to fingerprinting to be performed by a Metropolitan Police officer, fingerprint analyst or technician; and it is further.

ORDERED, that the defendant submit to fingerprinting by the _____ day of July, 2008.

_____
EMMET G. SULLIVAN
U.S. DISTRICT COURT JUDGE